IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01405-OES

KYLE LEE HOUSTON,

    Plaintiff,

v.

INDEPENDENCE HOUSE, et al.,
DOUG CURRAGAN (Director),
DAN MONTOYA (Director),
MARCUS TOMMY (Case Manager),
SHERRIE ROBINSON (Case Manger),
TERRY JEWEL (Case Manager), and
COLORADO DEPT. OF CORRECTIONS, et al.,

    Defendants.

## ORDER TO AMEND COMPLAINT

Plaintiff Kyle Lee Houston is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Fremont Correctional Facility at Cañon City, Colorado. On July 11, 2005, Mr. Houston submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 seeking money damages and release from the DOC.

The Court must construe the Complaint liberally, because Mr. Houston is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his

poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. **See id.**

In the Complaint, Mr. Houston raises three claims regarding his termination from community corrections. Claims One and Three, for the most part, state the injuries that Plaintiff claims he has incurred due to his regression to prison. In Claim Two and on Page Two of the Complaint form, Plaintiff alleges that Defendants committed fraud and denied him due process when they regressed him to prison for being unemployed, for an incurring an unauthorized absence, and for disobeying a direct order.

The due process and fraud claims that Mr. Houston asserts in the Complaint challenge the validity of the procedures used to regress him to prison. It is clear that his placement in prison has not been invalidated. Thus, before Plaintiff may pursue his claims, he must first obtain appropriate relief invalidating his regression and incarceration in a state or federal habeas corpus proceeding. **See Heck v. Humphrey**, 512 U.S. 477, 486-87 (1994). Therefore, the claims for damages are barred by **Heck** and will be dismissed without prejudice. **See Fottler v. United States**, 73 F.3d 1064, 1065 (10th Cir. 1996).

The Court notes that Plaintiff also alludes to a denial of medical treatment by the DOC in that he has not received medical treatment for past surgeries. Nonetheless, Plaintiff fails to identify who is responsible for the denial of the medical treatment.

Mr. Houston will be ordered to file an Amended Complaint, if he desires to pursue his medical claims. He is instructed to allege specific facts to demonstrate how

each Defendant personally participated in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Mr. Houston also must state with specificity in the Amended Complaint whether he has exhausted administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Houston must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement

on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Accordingly, it is

ORDERED that Mr. Houston file **within thirty (30) days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Houston, together with a copy of the Order, two copies of a prisoner complaint form. It is

FURTHER ORDERED that Mr. Houston submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Houston fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with the Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 25 day of August, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01405-OES

Kyle Lee Houston
Reg. No. 62173
FMCC/ Unit B
P.O. Box 200
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _8-25-05_

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk