IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT

JAN 3 0 2006

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 05-cv-01405-ZLW

KYLE E. HOUSTON,

    Plaintiff,

v.

C. SHAMES (Physican [sic] at DRDC),
FRED G. HUDSON (Provider at DRDC),
LOUIS CABILING (Doctor at T.C.F.),
KIM ORTEZ (Clinical Supervisor),
BETTY ESQUIBEL (Provider at T.C.F.),
A. ANDERSON (R.N. at T.C.F.),
DEBORAH L. BERRY (Provider at T.C.F.), and
VERNON McDOWELL (Case Manager FMCC),

    Defendants.

---

### ORDER DENYING MOTION FOR RECONSIDERATION

---

Plaintiff Kyle L. Houston filed a *pro se* Motion for Reconsideration with the Court on January 3, 2006. In the Motion, Mr. Houston asks the Court to reinstate the instant action, because he was not able to exhaust his administrative remedies, due to his being transferred from one prison facility to another at least six times since January 2005. The Court must construe the Motion liberally, because Mr. Houston is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Houston's Motion in this action, which was filed more than ten days after the Court's November 16, 2005, Order and Judgment of Dismissal, will be construed as a Motion for Reconsideration filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See **Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice, because Mr. Houston failed to assert exhaustion of his administrative remedies. In the Motion for Reconsideration, Mr. Houston's explanation for his failure to exhaust does not amount to extraordinary circumstances that would justify a decision to vacate the order of dismissal in this action. Moreover, the reasons for failure to exhaust given by Plaintiff in the Motion for Reconsideration are contrary to the reasons Plaintiff gave in the Amended Complaint. In the Amended Complaint, Plaintiff asserts that he exhausted all available steps, but that prison staff failed to return copies of his grievances after he gave the grievances to his case manager. (Am. Compl. at 4.)

Even if the Court were to consider Plaintiff's reason for failure to exhaust as given in the Motion, Plaintiff fails to provide any documentation that shows he

attempted to complete the three-step process but was not able to do so because he was moved to another facility.

Furthermore, Plaintiff's assertion that the instant action is "of a 'Bivens' format & any admin. remedies are inadequate:, & will not suffice pertaining to all the damages & relief reqd.," (Reconsideration Mot. at 3), although less than clear, is without merit. Plaintiff is required to exhaust his administrative remedies. He has shown no reason for the Court to find that the Colorado Department of Corrections' grievance procedure is inadequate, and that a waiver of the requirement to exhaust his administrative remedies is justified. Therefore, the Motion for Reconsideration will be denied.

As for Plaintiff's "Motion of 'Conversion Option'" requesting that the Court utilize the filings submitted to the Court on January 3, 2006, to open a new case, the Motion will be denied. Plaintiff has failed to file the January 3 Revised Complaint on a Court-approved form. Furthermore, a request for a waiver of filing fees in a new complaint is inappropriate. Plaintiff is required to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in each action that he files with the Court if he desires to proceed *in forma pauperis*. Accordingly, it is

ORDERED that the Motion for Reconsideration, filed January 3, 2006, is construed as filed pursuant to Fed R. Civ. P. 60(b) and is denied. It is

FURTHER ORDERED that all pending motions are denied. It is

FURTHER ORDERED that the Clerk of the Court is directed to send to Plaintiff two copies of both a Prisoner Complaint form and a Prisoner's Motion and Affidavit for

Leave to Proceed Pursuant to 28 U.S.C. § 1915, which Plaintiff may use to file a new action if he so desires.

DATED at Denver, Colorado, this 27 day of January, 2006.

BY THE COURT:

*signature*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01405-BNB

Kyle Lee Houston
Prisoner No. 62173
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/30/06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk